**Lawrence WAGNER and, Donna Wagner, Appellants,**

v.

**FARMERS & MERCHANTS STATE BANK OF BLOOMFIELD, NEBRASKA; Ryan K. Bloomquist, Jens J. Jensen; Terrence L. Michael; United States Fidelity and Guaranty Company; Federal Land Bank of Omaha; Federal Land Bank Association of Norfolk; Larry F. Pommer; Richard D. Psota and Does 1–99, John and Jane, Appellees.**

No. 86–1158.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 5, 1986.

Decided March 31, 1986.

Lawrence and Donna Wagner, pro se.

There was no brief filed by the appellees.

Before HEANEY, JOHN R. GIBSON and FAGG, Circuit Judges.

PER CURIAM.

Lawrence and Donna Wagner appeal from two orders of the district court granting the motions, filed by Farmers & Merchants State Bank of Bloomfield, Nebraska, Ryan K. Bloomquist, Jens J. Jensen, Terrence L. Michael (December 27, 1985 appellees), and the United States Fidelity and Guaranty Company, the Federal Land Banks of Omaha and Norfolk, Larry F. Pommer, Richard D. Psota and John and Jane Doe (January 17, 1986 appellees), to dismiss the Wagners' action for civil dam-

ages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (RICO). The district court held that the Wagners could not prove that any of the defendants committed any of the predicate acts, *see* 18 U.S.C. § 1961(1), which must be proven to establish a cause of action under RICO.

The December 27, 1985 appellees move this Court to dismiss the appeal as it pertains to them because the Wagners' notice of appeal was filed more than thirty days after the district court entered an order dismissing them from the action. We reject this contention. An order that dismisses fewer than all of the opposing parties is not a final appealable order in the absence of certification under Fed.R.Civ.P. 54(b), or an express indication by the district court that the order is an interlocutory decision subject to immediate review under 28 U.S.C. § 1292(b). *See, e.g., McNally v. Pulitzer Publishing Co.*, 532 F.2d 69, 73 (8th Cir.), *cert. denied*, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976); *Stockslager v. Carroll Electric Cooperative Corp.*, 528 F.2d 949, 951 (8th Cir.1976). Because the district court's December 27, 1985, order dismissed fewer than all of the defendants and it was not until January 17, 1986, that the case was dismissed in its entirety, the thirty days for filing a notice of appeal did not begin to run until January 17, 1986. The appellants' notice of appeal was filed January 27, 1986, and therefore is timely.

However, after carefully reviewing the record, we find that the district court did not err in finding that the Wagners' RICO action was clearly without merit because they could allege no set of facts establishing that any of the defendants committed any of the RICO predicate acts set forth in 18 U.S.C. § 1961(1). The record clearly indicates that none of the defendants conspired to create unlawful debts, attempted to collect these debts by extortionate means, or committed mail fraud in attempting to collect the Wagners' agricultural loans. Accordingly, we dismiss their appeal as frivolous. *See* 8th Cir.R. 12(a).